[No. 2586.]

## WILLIAM BEAVERS *v.* THE STATE.

THEFT—INDICTMENT—CHARGE OF THE COURT.—In a prosecution for theft of a steer the trial court charged the jury, in effect, that the evidence did not authorize them to find a verdict for theft, but if they believed from the evidence that the defendant did unlawfully kill the animal without the consent of the owner, then they should find him guilty of such offense and assess his punishment at a fine not exceeding one thousand dollars. *Held*, error, inasmuch as theft does not include such an offense, and a conviction therefor cannot be maintained under an indictment for theft.

APPEAL from the District Court of Denton. Tried below before the Hon. C. C. Potter.

The opinion of the court states the nature and result of the case.

George Witt testified, for the State, that in August, 1881, the defendant lived with his father in Denton county, and was engaged in the butchering business. He killed a two year old brown or black steer, in the summer of 1881, which had been known in the neighborhood as an estray. The witness had heard the defendant speak of this animal as an estray. He did not hear the defendant say anything about it on the day it was killed. The animal was driven from the pasture of G. W. Beavers, the father of the defendant, on the day it was killed. The defendant sold some of the flesh as beef.

Cross-examined, the witness stated that the animal was killed

in the evening, openly, and in the presence of some half dozen persons. The defendant either sent or came to the house of the witness to get him to assist in driving the animal from the pasture to the slaughter pen, and the witness assisted him. When the witness first noticed the yearling during the previous winter it was a poor, scrawny animal. The witness assisted the defendant to drive this animal to shelter in the winter of 1879, where it got protection and feed. It was then in a helpless condition and had to be assisted into the lot. It would have perished but for the care of the defendant. Witness afterwards saw it ranging with the stock of the defendant's father. It was marked and branded, but the witness did not remember the marks and brands.

William Mannery testified, for the State, that he lived in Denton county, Texas, near the residence of G. W. Beavers, the father of the defendant, and lived there in August, 1881, when the defendant killed a two year old black or brown steer. George Witt, Carter Blevins, witness and others were present when it was killed. The defendant killed the animal openly, near the road, and close to the house of G. W. Beavers. Witness could not remember that he had ever seen the animal before the day on which it was killed.

Carter Blevins testified, for the State, that he was present when the defendant killed the animal in question. He had never heard the defendant say anything about an estray yearling. The defendant sold some of the flesh of this animal as beef. Witness had seen the defendant feed his father's stock, and had seen him feed a black or brown yearling.

John Colville testified, for the defense, that he knew the steer for the theft of which the defendant was on trial. It was very small when it came to the place of Mr. G. W. Beavers. It got very poor and weak during the winter of 1879, and the defendant put it in his father's pen and fed and cared for it. Efforts were made to keep it away from Mr. Beavers's cattle when it first came to the place. Defendant tried to find out the owner, and said that he wanted to buy it. Defendant inquired of Donald and others for the owner.

That the charge of the court was erroneous, and that the verdict was not supported by the evidence, were the grounds set up in motion for new trial.

*Piner & Smith* and *J. A. Carroll*, for the appellant.

*J. H. Burts*, Assistant Attorney General, for the State.

HURT, JUDGE.   Beavers was charged by indictment with the theft of a steer.

Upon the trial the learned judge charged the jury that the evidence would not authorize them in finding the defendant guilty of theft; but that, if they believed from the evidence that defendant did unlawfully kill the steer mentioned in the indictment, without the consent of the owner   *   *   *   under such circumstances as not to constitute theft, they should find the defendant guilty of a misdemeanor, and assess his punishment at a fine not to exceed one thousand dollars.   Defendant, by his counsel, requested the court to charge the jury that under the indictment they could not find the defendant guilty of this misdemeanor. This charge of course was refused, and defendant was convicted of the misdemeanor, a fine of ten dollars being the punishment assessed by the jury.   From this judgment the defendant appeals.

Under an indictment for the theft of the steer, could defendant be legally convicted for unlawfully killing, etc., the steer mentioned in the indictment?   Does theft include this offense? Most clearly it does not.

For the error in the charge, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered June 29, 1883.